**FILED**
CLERK, U.S. DISTRICT COURT

5/19/2023

**CENTRAL DISTRICT OF CALIFORNIA**
BY: ___CD___ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

January 2023 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　　　　v.<br><br>LIMING LI,<br><br>　　　　　　Defendant. | EDCR 5:23-cr-00096-JAK<br><br>I N D I C T M E N T<br><br>[18 U.S.C. § 1832(a): Unauthorized Possession of Trade Secrets; 18 U.S.C. §§ 1834 and 2323: Forfeiture] |

The Grand Jury charges:

INTRODUCTION

At times relevant to this Indictment:

A. COMPANY #1

1. COMPANY #1 was a corporation whose business focused on the development and sale of proprietary software relating to metrology solutions. SUBSIDIARY #1 was a wholly-owned subsidiary of COMPANY #1, which focused on integrating high-precision Coordinate Measuring Machines ("CMM") with computer-based software to communicate the measurements and tolerances of a product and facilitate computer-aided design changes to the product. COMPANY #1's flagship software suite was SOFTWARE #1. COMPANY #1's research and development cost

for SOFTWARE #1 between 2017 and 2021 was approximately $21.9 million.  COMPANY #1 maintained a corporate office in Los Angeles County, within the Central District of California.  COMPANY #1 sold and shipped, and intended to sell and ship, its products, including SOFTWARE #1, in interstate and foreign commerce.

2. One aspect of SOFTWARE #1 pertained to Geometric Dimensioning and Tolerancing ("GD&T"), a system used by engineers to communicate how accurately a part must be manufactured to meet a particular industry standard.  The following source code files contained COMPANY #1's trade secrets with respect to this information and technology ("TRADE SECRET #1"):

- MH_DlgNomTolGDTWiz.cpp
- DlgNomTolGDTWizDatum.cpp
- MH_Meas_DB.cpp
- MH_Calc_Feat.cpp
- MH_FeatCylinder.cpp
- MHA_Geometry.cpp
- MH_Tolerance.cpp
- MH_GDnTValidate.cpp

3. Another aspect of SOFTWARE #1 pertained to airfoil inspection, the measurement and analysis of curved structures, such as aircraft turbine blades, which require special calculations.  The following source code files contained COMPANY #1's trade secrets with respect to this information and technology ("TRADE SECRET #2"):

- airfoil.c
- scan1.c
- scan2.c
- FIG_CLOS.c

- mafis_funcs.cpp
- SCNEVFNC.C
- SIMPLEX.C

4. Another aspect of SOFTWARE #1 pertained to Measuring Pathways, the movement of a probe by a CMM to measure a workpiece accurately and efficiently. The following source code files contained COMPANY #1's trade secrets with respect to this information and technology ("TRADE SECRET #3"):

- DlgMCAT.cpp
- DlgElmLinT3d.cpp
- MyT3dMeasDataT.cpp
- ShowAdvantagePath.cpp
- DlgGasketScanning.cpp
- WizContour.cpp
- DlgGuidedScanOnCurve.cpp
- MH_HoopsPath.cpp
- MH_HoopsPoint.cpp
- MHA_SectionCalc.cpp
- MHA_Topology.cpp

5. Another aspect of SOFTWARE #1 pertained to the computer-aided design ("CAD") software used to operate a REVO Probe, an instrument used by a CMM to scan and measure a workpiece. The following source code files contained COMPANY #1's trade secrets with respect to this information and technology ("TRADE SECRET #4):

- MH_SectionCalc.cpp
- MH_AC.cpp
- MH_AC_Path.cpp
- MH_Move5axPath.cpp

3

1. • MH_LinearPath.cpp
2. • MH_Hoops5Ax.cpp
3. • MH_HoopsPath.cpp
4. • MHA_SectionCalc.cpp
5. • MHA_Topology.cpp
6. • DlgCreateFeatCurve.cpp
7. • WizContour.cpp
8. • DlgGuidedScanOnCurve.cpp
9. • DlgSweepScan.cpp
10. • ShowAdvantagePath.cpp

6. Another aspect of SOFTWARE #1 pertained to the Collision Detection feature, which prevents unintentional contact between machines, measuring instruments, and workpieces, thereby reducing the risk of damage. The following source code files contained COMPANY #1's trade secrets with respect to this information and technology ("TRADE SECRET #5"):

- • ProbePathYM.cpp
- • ProbePathSYX.cpp
- • ProbeJ.cpp
- • Geometry.cpp
- • PPDProcess.cpp
- • PPDProbeNormal.cpp
- • PPDProbeStar.cpp
- • MH_CollisionCheck.cpp

7. Another aspect of SOFTWARE #1 pertained to Best Fit calculations, often conducted at the beginning of the measuring process to determine the location and direction of a workpiece. Best Fit calculations also reconcile measurement data with design data and

4

can be used in the absence of an industry standard.  The following source code files contained COMPANY #1's trade secrets with respect to this information and technology ("TRADE SECRET #6"):

- MH_Calc_Feat.cpp
- MH_Feature_cal.cpp
- MH_feat_Cone_cal.cpp
- MH_feat_circle_cal.cpp
- MH_Feat_Cylinder_cal.cpp
- MH_feat_line_cal.cpp
- MH_Feat_Plane_cal.cpp
- MH_feat_Sphere_cal.cpp

8.   TRADE SECRETS #1-6 were considered trade secret information by COMPANY #1 and were protected by COMPANY #1 as confidential and proprietary information.  TRADE SECRETS #1-6 were not generally known to the public or to others outside COMPANY #1 who would be able to obtain economic value from the information, nor were TRADE SECRETS #1-6 readily ascertainable using proper means by such persons.  TRADE SECRETS #1-6 derived independent economic value from not being generally known or readily ascertainable by proper means by such persons.  COMPANY #1 used many measures to protect its trade secrets and its confidential proprietary information, including the following:

a.   Limiting physical access to the locations within the company where the trade secrets were stored using keys, key cards, and key codes.

b.   Limiting access to the trade secrets only to those who possess company network credentials and require access to the trade secrets to perform their employment duties;

   c. Requiring employees to sign nondisclosure and confidentiality agreements that prohibited disclosure of trade secrets and confidential and proprietary information and extended beyond the term of employment;

   d. Mandating visitor sign-in sheets, escorts, and non-disclosure agreements; and

   e. Providing training and instruction regarding the security and safeguarding of restricted and confidential business information.

 9. From in or around 1996 through in or around January 2018, defendant LIMING LI ("LI") was employed at COMPANY #1 in Los Angeles County, California. From 1996 through 2007, defendant LI was employed as a Senior Software Engineer. From 2007 through 2013, defendant LI was employed as a Program Manager. From in or around July 2013 through in or around January 2018, defendant LI was employed as a Chief Technologist for SUBSIDIARY #1. Among other things, defendant LI was responsible for utilizing the information and technology contained in TRADE SECRETS #1-6 and developing a new software program that became a successor to SOFTWARE #1.

 B. <u>LI Possessed COMPANY #1's Trade Secrets Without Authorization</u>

 10. On or about July 1, 2013, while employed by COMPANY #1, defendant LI signed an Employee Handbook and Confidentiality Agreement. Those documents state that employees must keep confidential, among other things, "project files," "records," and "computer files" received from COMPANY #1, must not disclose any "Proprietary Information" of COMPANY #1 without prior authorization, and must, upon termination of employment, return to COMPANY #1 all

items which come into the employee's possession by virtue of his employment, including any writings, records, or data which contain any Proprietary Information of COMPANY #1.  The Confidentiality Agreement defines "Proprietary Information" to include computer programs, scientific or technical information, scientific or production techniques, specifications, data, technology, and trade secrets relating to the business activities of COMPANY #1.

     11.  While working at COMPANY #1, defendant LI, without authorization, downloaded thousands of proprietary source code files, including TRADE SECRETS #1-6, onto his personal digital devices.  On September 9, 2020, at defendant LI's residence in San Bernardino County, California, defendant LI possessed millions of files belonging to COMPANY #1 and another company.  Among those files were thousands of proprietary source code files, including TRADE SECRETS #1-6.  Many such files were stored within folders containing labels such as JSL and JSL Projects, referring to defendant's own company, JSL Innovations, Inc.

COUNTS ONE THROUGH SIX

[18 U.S.C. § 1832(a)(3)]

12. The allegations set forth in paragraphs One through Eleven of this Indictment are incorporated herein as if set forth in full.

13. On or about September 9, 2020, in San Bernardino County, within the Central District of California and elsewhere, defendant LIMING LI ("LI"), with the intent to convert a trade secret to the economic benefit of someone other than COMPANY #1, and intending and knowing that the offense would injure COMPANY #1, did knowingly receive and possess a trade secret, knowing the same to have been stolen and appropriated, obtained, and converted without authorization, the following trade secrets owned by COMPANY #1, which were related to SOFTWARE #1, a product used in or intended for use in interstate and foreign commerce:

| COUNT | TRADE SECRET |
|---|---|
| ONE | TRADE SECRET #1 |
| TWO | TRADE SECRET #2 |
| THREE | TRADE SECRET #3 |
| FOUR | TRADE SECRET #4 |
| FIVE | TRADE SECRET #5 |
| SIX | TRADE SECRET #6 |

14. Defendant LI's conduct was in violation of Title 18, United States Code, Section 1832(a)(3).

|   |   |
|---|---|
| 1 | FORFEITURE ALLEGATION |
| 2 | [18 U.S.C. §§ 1834 & 2323] |

15.  Pursuant to Title 18, United States Code, Sections 1834 and 2323, upon defendant's conviction of any of the offenses set forth in Counts One through Six of this Indictment, he shall forfeit to the United States the following property:

  a. Any article, the making or trafficking of which is prohibited by the commission of any offense for which the defendant is convicted;

  b. Any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of said offense, including but not limited to the following property seized from the defendant on or about September 9, 2020:

    i. Item 5: One Western Digital "My Book" hard drive serial WX21DC4D5873;

    ii. Item 6: One black AMD 64 Athlon computer;

    iii. Item 8: One silver Dell P57D laptop;

    iv. Item 19: One black Samsung XE500C13 laptop, serial 0Q9L91JMA03332L;

    v. Item 20: One Dell P31T Inspiron laptop, serial number BWB7LT2

    vi. Item 25: Multiple CDs containing computer-aided software design (CAD) information;

    vii. Item 40: One Apple A1465 Laptop, serial C02NL0J1G5RM;

    viii. Item 45: One SanDisk SD Ultra card (8 GB), serial BI0930714534G;

      ix. Item 46: One generic thumb drive (122 MB);

      x. Item 49: I-Rocks hard drive with black case;

      xi. Item 54: One Western Digital "My Passport" hard drive, serial WXC1EC228729;

      xii. Item 55: One Western Digital hard drive, serial WXB0A79X3819;

      xiii. Item 56: One silver Memorex hard drive;

      xiv. Item 57: Verbatim hard drive, model number WD200GB;

      xv. Item 58: One Western Digital hard drive, serial WXNX088K2882;

      xvi. Item 59: One Microsoft Surface Pro 1976;

      xvii. Item 63: One Lenovo Legion Y740-15IRHG laptop;

     xviii. Item 64: One Toshiba DTB410 (1TB) hard drive, serial number 49EBT07VTHJG;

      xix. Item 65:  One HP Envy 17 laptop;

      xx. Item 66: One Dell XPS computer, serial HRTJYV1; and

      xxi. Item 68: One Kingston ZXT blue and silver thumb drive, serial DT101G2.

  c. Any property constituting or derived from any proceeds obtained directly or indirectly as a result of the commission of said offense.

  16. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 2323(b)(2), the defendant shall forfeit substitute property if, by any act or omission of the defendant, the property described in paragraph 21, or

any portion thereof, cannot be located upon the exercise of due diligence; has been transferred, sold to, or deposited with a third party; has been placed beyond the jurisdiction of the court; has been substantially diminished in value; or has been commingled with other property that cannot be divided without difficulty.

                                        A TRUE BILL


                                           /S/
                                        Foreperson

E. MARTIN ESTRADA
United States Attorney

*[signature]*

ANNAMARTINE SALICK
Assistant United States Attorney
Chief, National Security Division

DAVID T. RYAN
Assistant United States Attorney
Chief, Terrorism and Export Crimes Section

AARON FRUMKIN
Assistant United States Attorney
Cyber & Intellectual Property Crimes Section

SOLOMON KIM
Assistant United States Attorney
Terrorism and Export Crimes Section